FILED

8:23 am, 9/25/26

Margaret Botkins
Clerk of Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

---

MUHAMMED DEMIRHAN,

Petitioner,

v.

DAVID J. VENTURELLA, Immigration and Customs Enforcement Acting Director;
MICHAEL V. BERNACKE, Immigration and Customs Enforcement Salt Lake City Field Office Director;
BRENDAN MORROW, Uinta County Detention Center Lieutenant;
MARKWAYNE MULLIN, Secretary of Homeland Security; and
TODD BLANCHE, U.S. Attorney General,

Respondents.

Case No. 26-CV-270-SWS

---

**ORDER REQUIRING RESPONDENTS TO RESPOND AND SHOW CAUSE**

---

On Sep. 23, 2026, Petitioner Muhammed Demirhan (A246-100-792) filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court has preliminarily reviewed the petition and finds it is not subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases.[1] The Court further concludes Respondents should respond and show cause why the requested writ should not issue. *See* 28 U.S.C. § 2243.

While an expedited briefing schedule is warranted under the facts as alleged by Petitioner, Rule 4 of the Rules Governing Section 2254 Cases supersedes the deadlines in § 2243. See *Bradin v. Thomas*, 823 F. App'x 648, 656–57 (10th Cir. 2020) (finding no abuse of discretion in the district court's ruling that Rule 4 of the Rules Governing Section 2254 Cases supersedes § 2243's timeline

---

[1] The Rules Governing Section 2254 Cases also apply to proceedings, such as this one, brought under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

in a § 2241 petition); *Teran v. Bondi*, 2025 WL 3158150, at *1–2 (D.N.M. Nov. 12, 2025) (discussing the history of Rule 4 and why it supersedes the timeline in § 2243 and compiling cases). Rule 4 permits discretion in determining whether and when a habeas respondent must file a response. The Court will grant adequate time for Respondents to investigate and answer the Petition and for Petitioner to reply. The Court will then determine whether an evidentiary hearing is necessary based on the parties' briefing.

**IT IS THEREFORE ORDERED** that, under Rule 4 of the Rules Governing Section 2254 Cases, **on or before Monday, October 5, 2026**, Respondents shall show good cause by written submission(s) why the Petition should not be granted. Any reply from Petitioner shall be filed **on or before Monday, October 12, 2026**. The Clerk of Court will please serve a copy of the § 2241 Petition (ECF No. 1) and its attachments, along with a copy of this Order, upon: (a) Respondent Brendan Morrow via the Uinta County Attorney's Office, and (b) Federal Respondents via the United States Attorney's Office for the District of Wyoming.

Dated: September 24th, 2026

Scott W. Skavdahl
United States District Judge