FILED

11:16 am, 9/25/26

Margaret Botkins
Clerk of Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

MUHAMMED DEMIRHAN,

Petitioner,

v.

DAVID J. VENTURELLA, Immigration and Customs Enforcement Acting Director;
MICHAEL V. BERNACKE, Immigration and Customs Enforcement Salt Lake City Field Office Director;
BRENDAN MORROW, Uinta County Detention Center Lieutenant;
MARKWAYNE MULLIN, Secretary of Homeland Security; and
TODD BLANCHE, U.S. Attorney General,

Respondents.

Case No. 26-CV-270-SWS

**ORDER STAYING TRANSFER OF PETITIONER DURING PENDENCY OF 28 U.S.C. § 2241 PETITION**

On Sep. 23, 2026, Petitioner Muhammed Demirhan (A246-100-792) filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Therein, Petitioner requested the Court stay his transfer out of the jurisdiction of this Court during the pendency of his petition.[1] (*Id*. at 13.)

This Court has "inherent power to preserve its ability to hear the case." *Alves v. U.S. Dep't of Just.*, 2025 WL 269763, at *5 (W.D. Tex. Sep. 12, 2025). A petitioner's transfer "to another district could interfere with his access to counsel and ability to participate in the proceedings."

[1] Petitioner included requests to stay transfer and for a temporary restraining order granting further relief in his Petition for Writ of Habeas Corpus. (ECF No. 1 at 11–13.) Requests for court orders "must be made by motion." Fed. R. Civ. P. 7(b)(1). While the Court will grant the request to stay, Petitioner's request for a temporary restraining order will be denied without prejudice to separately refile.

*Tran v. Bondi, et al.*, No. CV26-1897, ECF No. 6 at 3 (W.D. Wash. Oct. 7, 2025). To preserve this Court's jurisdiction over the pending petition and ensure Petitioner has adequate access to counsel, the Court will restrain Respondents from transferring Petitioner outside the District of Wyoming or removing him from the United States absent further order from this Court. *See, e.g.*, *Westley v. Harper*, No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside the New York City area while defendant's habeas petition was pending); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). If, during the pendency of this petition, the Government receives the necessary documentation to remove Petitioner, it should promptly notify the Court.

**IT IS THEREFORE ORDERED** that Petitioner's emergency motion to prohibit his transfer during pendency of his petition (ECF No. 1) is **GRANTED**. Respondents shall not transfer Petitioner outside the District of Wyoming or remove him from the United States while this § 2241 petition is pending without first obtaining leave from this Court. If Respondents have already moved Petitioner out of the district, they are hereby enjoined from moving him again without first obtaining leave from this Court.

Dated: September 24th, 2026

Scott W. Skavdahl
United States District Judge