FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 OCT 15 PM 3:09

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

MUHAMMED DEMIRHAN,

Petitioner,

v.

DAVID J. VENTURELLA, Immigration and Customs Enforcement Acting Director; MICHAEL V. BERNACKE, Immigration and Customs Enforcement Salt Lake City Field Office Director; BRENDAN MORROW, Uinta County Detention Center Lieutenant; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, U.S. Attorney General,

Respondents.

Case No. 26-CV-270-SWS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

U.S. Immigration and Customs Enforcement ("ICE") officers executed a lawful warrant to arrest and detain Petitioner Muhammad Demirhan (A246-100-792) in Moab, Utah, on September 21, 2026. (ECF 1 at 2; ECF 11-1.) Shortly thereafter, ICE transferred Petitioner to Uinta County Detention Center in Evanston, Wyoming. (ECF 1 at 3.) There, Petitioner filed his Petition for Writ of Habeas Corpus seeking relief under 28 U.S.C. § 2241 with this Court. (ECF 1.) A few days later, he filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF 9.) Having considered the record and parties' arguments, and being otherwise fully advised, the Court holds Petitioner is detained under 8 U.S.C. § 1226(a) and is therefore due an individualized bond hearing.

**BACKGROUND**

Petitioner is a Turkish citizen who unlawfully entered the United States on or about September 24, 2022, and applied for asylum based on fear of persecution for his Kurdish ethnicity and membership in the pro-Kurdish Peoples' Democratic Party. (ECF 1 at 5, ECF 11-2 at 2 ¶ 9.)

On December 18, 2022, he was released from ICE custody on his own recognizance under 8 U.S.C. § 1226(a)(2)(B); he has since lived and worked in the United States, most recently at a food truck in Moab, Utah. (*Id.*) He continues to pursue his asylum claim and has an individual hearing set for September 7, 2028. (ECF 1 at 6.)

There is some dispute about Petitioner's criminal record in the United States. Respondents assert he was arrested in January 2025 in Redwood City, California, and has been charged with several crimes since his entry in 2022. (ECF 11 at 3, 5.) Petitioner asserts no charges were ever filed against him after the January 2025 arrest. (ECF 12 at 3.) Regardless of whether charges were filed, it appears the arrest eventually led to ICE's detention of Petitioner in September 2026: ICE "lodged a detainer with the San Mateo County Jail" and "conducted a targeted operation" in Utah "after determining that [Demirhan] was no longer in State custody." (ECF 11-2 at 3 ¶¶ 13–14.)

Petitioner filed his Petition for Writ of Habeas Corpus on September 23, 2026. (ECF 1.) This Court issued orders requiring Respondents to show cause and staying further transfer of Petitioner on September 25, 2026. (ECFs 3, 4.) Apparently before receiving the latter order, Respondents transferred Petitioner to Otay Mesa Immigration Detention Center in San Diego, California. (ECF 8 at 1.) Petitioner filed a notice of consent to this transfer on September 28, 2026. (ECF 5.) The Court retains jurisdiction over the matter despite Petitioner's transfer to California. *Serna v. Commandant, USDB-Leavenworth*, 608 F.App'x 713, 714 (10th Cir. 2015) ("[J]urisdiction attaches on the initial filing for habeas corpus relief and is not destroyed by a transfer of the petitioner") (citations and internal quotations omitted).

## DISCUSSION

Respondents do not clearly assert whether Petitioner is held under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b). In their brief, Respondents acknowledge Petitioner has the right to a bond

hearing, relief which applies only when a noncitizen is detained under § 1226(a); on the other hand, in Respondents' Exhibit B, the ICE Deportation Officer who reviewed Petitioner's case attributes his detention to § 1225. (ECF 11 at 5; ECF 11-2 at 4 ¶ 16.) Petitioner contends he is detained under § 1226(a). (ECF 12 at 2.) To the extent there is any confusion, this Court finds Petitioner is detained pursuant to § 1226(a) and is eligible for a bond hearing.

Recently, the Tenth Circuit held in *Santillan Quiroz v. Mullin* that a noncitizen is "seeking admission" and eligible for detention under § 1225(b) only "when he takes some kind of ongoing action to request lawful entry into the United States"—in short, at the border. 180 F.4th 1226, 1238 (10th Cir. 2026). After a noncitizen has entered the United States, whether lawfully or unlawfully, he can no longer seek admission, nor can he be detained under § 1225(b): "[O]nce a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." (*Id.* at 1239.) Thus, after unlawful entry, a noncitizen instead becomes eligible for arrest and detention with a warrant under § 1226(a).

In contrast to § 1225(b)(2)(A), which mandates detention, § 1226(a)(2)(A) establishes the detained noncitizen may be released on bond. A § 1226(a) detainee is thus entitled to an individualized bond hearing to determine his suitability for release.

Here, Demirhan was detained not while entering unlawfully at the border but while already in the interior of the United States after having been present in the country for almost four years. Consequently, he is detained under § 1226(a) and is due an individualized bond hearing.

## CONCLUSION AND ORDER

The Court concludes 8 U.S.C. § 1226(a) applies to Petitioner's detention and guarantees him an individualized bond hearing. The Court thus will order the Petitioner receive a timely bond

hearing, where it will be his burden to show he does not pose a danger and is not a flight risk. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). The Court will dismiss Petitioner's motions for temporary restraining order and preliminary injunction as it finds a timely and individualized bond hearing provides Petitioner the relief he is due.

**IT IS THEREFORE ORDERED** that Petitioner Muhammad Demirhan's Petition for Writ of Habeas Corpus (ECF 1) is **GRANTED**. Respondents shall provide an individualized bond hearing to Petitioner **within seven (7) calendar days** of the date of this Order. If Respondents fail to do so, they shall immediately release Petitioner from detention upon his posting of a $1,500 bond. *See* 8 U.S.C. § 1226(a)(2).

**IT IS FURTHER ORDERED** that this Court's earlier restraint against Respondents transferring Petitioner (ECF 4) is **LIFTED AND CANCELED**.

**IT IS FURTHER ORDERED** that Federal Respondents shall file a status report **within seven (7) days** of the individualized bond hearing that certifies compliance with this Order. The status report shall identify whether the hearing occurred, whether release on bond was granted or denied, and the reasons for any such denial.

**IT IS FINALLY ORDERED** that Petitioner's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (ECF 9) are dismissed.

Dated: October 15th, 2026

Scott W. Skavdahl
United States District Judge